PROB 12B
(7/93)


**FILED**
DISTRICT COURT OF GUAM
AUG 1 4 2006
MARY L.M. MORAN
CLERK OF COURT

for

*District of Guam*

**Report for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender: **Richard Jaimes**  Case Number: **MJ 05-00020-001**

Name of Sentencing Judicial Officer: Honorable Joaquin V.E. Manibusan, Jr.

Date of Original Sentence: November 30, 2005

Original Offense: Driving Under the Influence of Alcohol (BAC), in violation of 16 G.C.A. § 180102(b) and 18 U.S.C. §§ 7(3) and 13.

Original Sentence: A two year term of probation with conditions: not commit another federal, state, or local crime; not illegally possess a controlled substance; refrain from any unlawful use of a controlled substance; submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter; cooperate in collection of DNA; comply with the standard conditions of supervision; serve 48 hours confinement (December 1 to 3, 2005); not possess a firearm or other dangerous weapon, except as required by his employer; refrain from the use of any and all alcoholic beverages; submit to up to eight alcohol tests per month; privilege to operate a motor vehicle upon any U.S. Military Reservation shall be suspended for a period of six months; participate in a substance abuse program, which may include testing for use of drugs or alcohol; pay a $25 special assessment fee; and pay a $1,000 fine. **On February 9, 2006, conditions modified** to delete the condition for the defendant to submit to DNA collection.

Type of Supervision: Probation  Date Supervision: November 30, 2005

## PETITIONING THE COURT

☐ To extend the term of supervision _____ years, for a total term _____ years.

☒ To modify the conditions of supervision as follows:

1. The defendant shall perform 200 hours of community service as approved by the U.S. Probation Officer.

**ORIGINAL**

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender                                                                                      page 2

CAUSE

On November 30, 2005, Richard Jaimes was sentenced to a two year term of probation for the offense of Driving Under the Influence of Alcohol (BAC), in violation of 16 G.C.A. § 180102(b) and 18 U.S.C. §§ 7(3) and 13. On December 5, 2005, Mr. Jaimes reported to the U.S. Probation Office as instructed and was subject to a supervision orientation, at which time all conditions of probation were discussed. He acknowledged his full understanding of conditions imposed by the Court.

On July 27, 2006, the U.S. Probation Office discovered through the Guam Police Department (GPD) Activity Blotter, that Richard Jaimes was arrested on July 15, 2006 and charged with Driving Under the Influence and Leaving the Scene of an Accident. A review of the police report revealed the following arrest information:

On July 15, 2006, GPD officers assigned to the Tumon police precinct heard a crashing sound and went outside to investigate. The officers observed a vehicle that had struck the traffic island in the center of route 14. The vehicle began to reverse and officers shouted several times at the operator of the vehicle to stop. The vehicle continued to reverse and drove a short distance, turning onto Happy Landing road where it crashed into a large concrete planter in front of a restaurant. The operator of the vehicle was identified as Richard Jaimes, along with three other occupants, Justin Seymour, Kevin Delacruz, and William Sullivan. The vehicle, a 1996 white Chevrolet Tahoe, registered to Timothy S. Kenny sustained severe frontal damage. Officers observed Mr. Jaimes to be in a bewildered state, had a strong odor of alcohol, had watery bloodshot eyes, and could not maintain his balance. Officers asked Mr. Jaimes if he had consumed alcohol and if he would consent to a field sobriety test which he did not respond. Mr. Jaimes was advised of his rights, but refused to sign the form stating to officers, " I've been through this before, I'm on probation." Mr. Jaimes refused to consent to a breathlyzer test and was transported to the Guam Memorial Hospital for a urinalysis. Mr. Jaimes stated to officers that he knows the system, that he has a friend who is a sheriff in California who told him how to respond if he was arrested for Driving Under the Influence, and that he will consent to a urinalysis because alcohol cannot be detected in the urine. A urinalysis test was negative for controlled substances.

As outlined above, Mr. Jaimes was arrested by GPD officers on July 15, 2006. He failed to notify the probation office of his arrest. On July 28, 2006, Mr. Jaimes reported for a compliance meeting as instructed and explained to this Officer that he was unaware of the condition to report his arrest and refused to discuss it further.

On July 27, 2006, this Officer was informed by U.S. Navy Security Forces Officers that Mr. Jaimes was subject to breathalyzer testing on July 15, 2006, upon his return from his arrest by GPD to the Navy base. Breathalyzer tests revealed Mr. Jaimes had a .085 and .091 blood alcohol content. Upon being confronted with the breathaylzer results by this Officer on July 28, 2006, Mr. Jaimes admitted that he consumed alcohol and relapsed in his alcohol treatment program. He reported attending Alcoholics Anonymous meetings since his relapse.

Except for the violations outlined above, Mr. Jaimes has satisfactorily complied with his supervision conditions since the commencement of probation. He has tested consistently negative for drugs thus far. He served his 48-hour confinement term from December 1-3, 2005. In addition, Mr. Jaimes continues to coordinate his substance abuse program requirements with his supervisor. He continues to be gainfully employed with the U.S. Navy as a machinist mate fireman. Mr. Jaimes paid his $25 special assessment fee on December 5, 2005, and has paid a total of $200 towards his fine obligation.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of probation, pursuant to 18 U.S.C. § 3583(e)(2) as follows:

"The defendant shall perform 200 hours of community service as approved by the U.S. Probation Officer."

Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Jaimes' consent to the modification. In addition to the modification requested, Mr. Jaimes will be returned to day 1 phase I of the substance abuse treatment/testing program. His compliance will be closely monitored and any subsequent violations will be reported to the Court accordingly.

Reviewed by:                                                                                      Respectfully submitted,

FRANK MICHAEL CRUZ                                                              by: STEPHEN P. GUILLIOT
Chief U.S. Probation Officer                                                           U.S. Probation Officer

Date: 8/9/06                                                                                     Date: 8/9/06

**THE COURT ORDERS**

☐ No Action

☐ The Extension of Supervision as Noted Above.

☒ The Modification of Conditions as Noted Above.

☐ Other

RECEIVED AUG 1 1 2006 DISTRICT COURT OF GUAM HAGATNA, GUAM

HON. JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge

August 14, 2006

# United States District Court

for

*District of Guam*

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall perform 200 hours of community service as approved by the U.S. Probation Office.

Witness: Stephen P. Guilliot
U.S. Probation Officer

Signed: Richard Jaimes
Probationer or Supervised Releasee

8/3/06
Date