**FILED**

**DISTRICT COURT OF GUAM**

**OCT 17 2006**

for

*District of Guam*

**MARY L.M. MORAN
CLERK OF COURT**

## Petition for Warrant or Summons for Offender Under Supervision

| | | | |
|---|---|---|---|
| Name of Offender: | **Richard Jaimes** | Case Number: | **MJ 05-00020-001** |

Name of Sentencing Judicial Officer: Honorable Joaquin V.E. Manibusan, Jr.

Date of Original Sentence: November 30, 2005

Original Offense: Driving Under the Influence of Alcohol (BAC), in violation of 16 G.C.A. § 180102(b) and 18 U.S.C. §§ 7(3) and 13

Original Sentence: A two year term of probation with conditions: not commit another federal, state, or local crime; not illegally possess a controlled substance; refrain from any unlawful use of a controlled substance; submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter; cooperate in collection of DNA; comply with the standard conditions of supervision; serve 48 hours confinement (December 1 to 3, 2005); not possess a firearm or other dangerous weapon, except as required by his employer; refrain from the use of any and all alcoholic beverages; submit to up to eight alcohol tests per month; privilege to operate a motor vehicle upon any U.S. Military Reservation shall be suspended for a period of six months; participate in a substance abuse program, which may include testing for use of drugs or alcohol; pay a $25 special assessment fee; and pay a $1,000 fine. **On February 9, 2006, conditions modified** to delete the condition for the defendant to submit to DNA collection. **Modified on August 14, 2006** to include that he perform 200 hours of community service as a sanction for a new arrest for Driving Under the Influence and Leaving the Scene of an Accident.

| | | |
|---|---|---|
| Type of Supervision: Probation | | Date Supervision Commenced: November 30, 2005 |
| Assistant U.S. Attorney: Steve Chiappetta | | Defense Attorney: Federal Public Defender |

### PETITIONING THE COURT

[X] To issue a warrant

[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | Left the Judicial District without permission. |
| 2. | Failed to follow instructions of the Probation Officer. |
| 3. | Failed to submit his August 2006 monthly supervision report. |

U.S. Probation Officer Recommendation:

[X] The term of supervision should be

    [X] revoked.

    [ ] extended for _____ years, for a total term of _____ years.

[ ] The conditions of supervision should be modified as follows:

*See attached Declaration in Support of Petition*
*Violation of Supervised Release Conditions; Request for a Warrant of Arrest*

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

Date: 9.22.2006

Reviewed by:

Assistant U.S. Attorney

Date: 10/4/2006

I declare under penalty of perjury that the foregoing is true and correct.

by: JOHN W. SAN NICOLAS II
U.S. Probation Officer

Date: Sept 22, 2006

---

THE COURT ORDERS:

[ ] No Action.

[X] The Issuance of a Warrant.

[ ] The Issuance of a Summons.

[ ] Other

RECEIVED
OCT - 6 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

HON. JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge
District of Guam

10/17/2006
Date

# VIOLATION WORKSHEET

1. Defendant: **Richard Jaimes**
2. Docket Number (Year-Sequence-Defendant No.): MJ 05-00020-001
3. District/Office: 0993/1
4. Original Sentence Date: 11 / 30 / 05
   month / day / year

(If different than above):
5. Original District/Office: _____
6. Original Docket Number (Year-Sequence-Defendant No.): _____

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Left the Judicial District without Permission. | C |
| • Failure to follow instructions of the Probation Officer. | C |
| • Failure to submit his August 2006 monthly supervision report. | C |

8. Most Serious Grade of Violation (see §7B1.1(b)): **C**
9. Criminal History Category (see §7B1.4(a)): **I**
10. Range of Imprisonment (see §7B1.4(a)): **3 - 9 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002.

Case 1:05-mj-00020   Document 29   Filed 10/17/2006   Page 3 of 7

Defendant: Richard Jaimes

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | N/A | Community Confinement | N/A |
    | Fine ($) | 550.00 | Home Detention | N/A |
    | Other | 200 hours CS | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: 0 to 1 years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: _____

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    None.

15. **Official Detention Adjustment** (see    0 months    0 days

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002.**

Case 1:05-mj-00020    Document 29    Filed 10/17/2006    Page 4 of 7

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>vs.<br><br>RICHARD JAIMES,<br>　　　　Defendant. | MAGISTRATE CASE NO. 05-00020-001<br><br>**DECLARATION IN SUPPORT OF PETITION** |

**Re: Violation of Supervised Release Conditions; Request for a Warrant of Arrest**

I, U.S. Probation Officer John W. San Nicolas II, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Richard Jaimes, and in that capacity declare as follows:

On November 30, 2005, Richard Jaimes was sentenced by the Honorable Joaquin V.E. Manibusan, Jr., for Driving Under the Influence of Alcohol (BAC), in violation of 16 G.C.A. 180102(b), 18 U.S.C. § 7(3) and 13. He received a two year term of probation various conditions. On November 30, 2005, Mr. Jaimes began his term of probation. On February 9, 2006, conditions were modified by the Court to delete the condition requiring him to submit to a DNA sample. On August 14, 2006, conditions were modified by the Court to include that he perform 200 hours of community service as a sanction for an arrest for Driving Under the Influence and Leaving the Scene of an Accident. Mr. Jaimes is alleged to have violated the following conditions of supervision:

**Standard Condition 1:** *The defendant shall not leave the judicial district without permission of the Court or Probation Officer.*

**Standard Condition 2:** *The defendant shall answer truthfully all inquiries of the Probation Officer and follow the instructions of the Probation Office.*

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Warrant of Arrest
Re: JAIMES, Richard
USDC MJ Cs. No. 05-00020-001
September 22, 2006
Page 2

On August 3, 2006, U.S. Probation Officer Stephen P. Guilliot met with Mr. Jaimes to discuss sanctions subsequent to his July 15, 2006 arrest for Driving Under the Influence and Leaving the Scene of an Accident. Mr. Jaimes stated that he would be undergoing discharge proceedings with the U.S. Navy. Office Guilliot instructed Mr. Jaimes to keep him informed of his status. On August 9, 2006, Officer Guilliot spoke with Mr. Jaimes, who stated that the Navy was proceeding with discharge procedures. He requested that he be allowed to reside with his father in Florida. Officer Guilliot instructed Mr. Jaimes to provide copies of his discharge papers prior initiating the request for transfer. Mr. Jaimes failed to submit them as instructed. On August 10, 2006, Officer Guilliot spoke withU.S. Navy Judge Advocate General Lt. Greg Parker, and requested copies of the discharge papers. On August 17, 2006, Officer Guilliot spoke with Mr. Jaimes' attorney, Federal Public Defender, John Gorman, and requested his assistance in obtaining the discharge papers.

On August 29, 2006, this Officer met with Mr. Jaimes, who stated that he would be discharged from the U.S. Navy within two weeks. He also stated that he would be administratively discharged in San Diego, California, because the Navy does not conduct discharges overseas. Mr. Jaimes was instructed to provide this Officer with copies of his discharge documents, airline tickets, and contact information for his father in Florida. Mr. Jaimes stated that he would fax the information. To date, the documents have not been received. On September 1, 2006, this Officer spoke with U.S. Navy Judge Advocate General Lt. Greg Parker, who verified that Mr. Jaimes would be traveling from Guam to San Diego, California, on September 2, 2006, for administrative discharge proceedings at the Navy's Transient Personnel Unit. Lt. Parker stated that Mr. Jaimes would remain in San Diego for a period of six to ten days while being administratively discharged. This Officer expressed concern that Mr. Jaimes would be leaving the district without authorization from the U.S. Probation Office or the U.S. District Court, or an acceptance of transfer of supervision from the District of Florida. This Officer requested a copy of Mr. Jaimes discharge documents, which were received on the same date via fax.

On September 11, 2006, Bureau of Immigration and Customs Enforcement Task Force Agent Erwin Fejeran verified that Mr. Jaimes departed Guam on September 2, 2006.

**Standard Condition 3:** *The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five days of each month.*

Mr. Jaimes failed to submit his August 2006 monthly supervision reports as required.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Warrant of Arrest
Re: JAIMES, Richard
USDC MJ Cs. No. 05-00020-001
September 22, 2006
Page 3

**Supervision Compliance:** Mr. Jaimes completed his 48 hour term of imprisonment on December 3, 2006, and completed his alcohol treatment program with the Navy on March 29, 2006. In addition, he paid his special assessment fee on December 5, 2005 and has been making monthly payments towards his fine obligation since January 2006. His balance as of August 28, 2006 remains at $550.

**Recommendation:** This Probation Officer respectfully requests that the Court issue a Warrant of Arrest for Richard Jaimes and that he be ordered to appear for a hearing to answer or show cause why his term of probation should not be revoked pursuant to 18 U.S.C. § 3583.

Executed this 22nd day of September 2006, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
JOHN W. SAN NICOLAS II
U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: AUSA
    Federal Public Defender
    File